1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ED'JUAN SCOTT,                              No.  2:15-cv-0578 DB P

12                  Plaintiff,

13        v.                                     ORDER

14   CDCR,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Before the court are plaintiff's motion to proceed in forma pauperis, the screening of plaintiff's

21   complaint, plaintiff's "motion for admission and issuance," and plaintiff's "motion for relief of

22   remote shock therapy."  Each is addressed below.

23                              **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6  1915(b)(2).

7  **SCREENING**

8  **I.      Legal Standards**

9      The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

14      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989); Franklin, 745 F.2d at 1227.

21      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

22  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

23  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

24  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

25  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

26  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

27  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

28  ////

2

1   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

2   McKeithen, 395 U.S. 411, 421 (1969).

3   **II.   Allegations in Plaintiff's Complaint**

4   Plaintiff has not filed a complaint on the form provided by this district.  Rather, plaintiff asks

5   the court to consider his Government Claim Form as a complaint under 42 U.S.C. § 1983 against

6   the California Department of Corrections and Rehabilitation ("CDCR").  (Compl. (ECF No. 1) at

7   1.)   The court has reviewed that form and plaintiff's other filings in an attempt to discern what

8   claims plaintiff is making.  It appears that plaintiff is alleging the following.

9   Plaintiff is currently incarcerated at California State Prison-Sacramento ("CSP-Sac") in

10  Represa.  In June 2011, the Contra Costa County Superior Court ordered that plaintiff be

11  involuntarily treated with shock therapy under California Penal Code §§ 2670-2680.  Plaintiff

12  states that attorneys Charles Hoehn and Cecily Grey "kept [him] on the therapy" and refused to

13  "acknowledge [his] request to be relieved."  Plaintiff states that he filed a civil suit against these

14  attorney in the Northern District of California.  (Id. at 1-2.)

15  Plaintiff appears to allege that prison staff have hindered his attempts to file a petition

16  pursuant to Penal Code § 2676 to be relieved of the shock therapy.  (Id. at 2, 14, 26.)  He also

17  describes an incident where he was "illegally injected by crisis bed unit nurses."  At that time, he

18  was handcuffed.  When Sgt. Baker removed his handcuffs, he fell forward, chipping two front

19  teeth.  (Id. at 3, 26-27.)

20  **III.   Analysis**

21  **A.  Proper Defendant**

22  Initially, the court notes that plaintiff identifies only the CDCR as the defendant in this

23  action.  However, the CDCR is entitled to Eleventh Amendment immunity.  The Eleventh

24  Amendment bars § 1983 actions against state agencies.  See Will v. Michigan Dep't of State

25  Police, 491 U.S. 58, 66 (1989)  Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009).

26  As described below, if plaintiff wishes to proceed in this action, he must identify a defendant or

27  defendants and describe what each defendant has done.

28  ////

3

1          **B.   Does Plaintiff State Cognizable Claims?**

2          The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

3    unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

4    court has determined that the complaint does not contain a short and plain statement as required

5    by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

6    complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

7    v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must identify specific

8    defendants and then state what each defendant has done, or not done.  Plaintiff must allege with at

9    least some degree of particularity overt acts which the defendants engaged in that support

10   plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

11   P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

12   amended complaint.

13          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14   complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

15   F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

16   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

17   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

18   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

19   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20          Furthermore, supervisory personnel are generally not liable under § 1983 for the actions

21   of their employees under a theory of respondeat superior and, therefore, when a named defendant

22   holds a supervisorial position, the causal link between him and the claimed constitutional

23   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

24   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations of

25   official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d

26   266, 268 (9th Cir. 1982).

27          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

28   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

                                            4

1  complaint be complete in itself without reference to any prior pleading. This is because, as a

2  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

3  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

4  longer serves any function in the case. Therefore, in an amended complaint, as in an original

5  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6      Plaintiff appears to be attempting to allege a claim for excessive force or deliberate

7  indifference under the Eighth Amendment. With respect to plaintiff's apparent contention that he

8  is being refused the right to seek revocation of the order for involuntary shock treatment, plaintiff

9  is essentially alleging a due process violation. Below, the court sets out the legal standards for

10  each of these claims. If plaintiff chooses to amend his complaint, he must make specific

11  allegations about what each defendant did, or did not do, that resulted in a constitutional violation

12  by setting out the elements of each legal claim.

13      **1.   Eighth Amendment**

14      The Eighth Amendment protects prisoners from both excessive uses of force and

15  inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

16  2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S.

17  337, 347 (1981)).

18      **a. Excessive Force**

19      The unnecessary and wanton infliction of pain violates the Cruel and Unusual

20  Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). For

21  claims arising out of the use of excessive physical force, the issue is "'whether force was applied

22  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

23  harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson, 503 U.S. at 7).

24  The objective component of an Eighth Amendment claim is contextual and responsive to

25  contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of

26  force do not violate the Constitution, the malicious and sadistic use of force to cause harm always

27  violates contemporary standards of decency, regardless of whether or not significant injury is

28  evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10).

1

**b. Conditions of Confinement**

2      To allege an Eighth Amendment claim for inhumane conditions of confinement, a

3  prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm

4  to his health or safety.  See, e.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144,

5  1150-51 (9th Cir. 2010).  "Deliberate indifference describes a state of mind more blameworthy

6  than negligence" but is satisfied by something "less than acts or omissions for the very purpose of

7  causing harm or with knowledge that harm will result."  Farmer, 511 U.S. at 835.  Plaintiff must

8  demonstrate first that the seriousness of the risk was obvious or provide other circumstantial

9  evidence that defendants were aware of the substantial risk to his health, and second that there

10  was no reasonable justification for exposing him to that risk.  Lemire v. California Dep't of Corrs.

11  and Rehab., 726 F.3d 1062, 1078 (citing Thomas, 611 F.3d at 1150).

12      To make out a claim for failure to protect, the prisoner must establish that prison officials

13  were "deliberately indifferent" to serious threats to the inmate's safety.  Farmer, 511 U.S. at 834.

14  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's

15  safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to

16  inmate ... safety; the official must both be aware of facts from which the inference could be drawn

17  that a substantial risk of serious harm exists, and [the official] must also draw the inference."  Id.

18  at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  However, to prove

19  knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very

20  obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842.

21      Finally, for Eighth Amendment claims arising out of medical care in prison, Plaintiff

22  "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could

23  result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that

24  "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d

25  1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

26      **2.   Due Process**

27      The Due Process Clause confers upon an inmate a right to be free from the arbitrary

28  administration of antipsychotic medication.  Washington v. Harper, 494 U.S. 210, 221-22 (1989).

6

1   This rule should apply equally to the involuntary administration of shock treatment.  "[G]iven the

2   requirements of the prison environment, the Due Process Clause permits the State to treat a prison

3   inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is

4   dangerous to himself or others and the treatment is in the inmate's medical interest."  Id. at 227.

5   With respect to the administration of antipsychotic drugs, there are due process requirements for

6   review by medical personnel, notice to the inmate, the right to be present at an adversarial

7   hearing, and the right to present and cross-examine witnesses.  Id. at 233-36; see also Wakefield

8   v. Bortman, No. C 03-2870 SI (PR), 2004 WL 1811201, at *5 (N.D. Cal. Aug. 10, 2004).  If

9   prison officials are preventing plaintiff from exercising his rights under the California Penal

10  Code[1] to seek reconsideration of an order directing involuntary shock treatments, those actions

11  may amount to a due process violation.

## MOTION FOR ADMISSION AND ISSUANCE

13      Plaintiff filed a document entitled "Motion for Admission and Issuance."  (ECF No. 8.)  It

14  appears that plaintiff is seeking to serve requests for admissions on CDCR.  Plaintiff is advised

15  that discovery is premature at this point.  If plaintiff files an amended complaint that states a

16  cognizable claim, that complaint will be served on the defendant or defendants.  After those

17  defendants have appeared in this action, and the court has issued a discovery and scheduling

18  order, plaintiff may then conduct discovery.

## MOTION FOR RELIEF OF REMOTE SCHOCK THEARAPY

20       In this motion, plaintiff appears to seek the discontinuation of shock therapy and again

21  mentions his request for admissions from CDCR.  (ECF No. 10.)  To the extent plaintiff is

22  requesting an injunction prohibiting the prison from implementing shock treatments, plaintiff is

23  advised that a party requesting preliminary injunctive relief must show that "he is likely to

24  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

---

[1] Cal. Penal Code §§2670.5(a)(2) and 2675 permit a warden to secure an order from the superior court to authorize the administration of "organic therapy" where the prisoner "lacks the capacity for informed consent to organic therapy."  "Organic therapy" includes "shock therapy."  Cal. Penal Code §2670.5(c)(2).  Section 2676 provides that any person "may file a petition with the superior court of the county in which he or she is confined for an order to prohibit the administration upon him or her of an organic therapy."

1   relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

2   Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for

3   injunctive relief hinges on a significant threat of irreparable injury that must be imminent in

4   nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

5        Plaintiff may not seek preliminary injunctive relief until the court finds that his complaint

6   presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727

7   (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the

8   parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine

9   the rights of persons not before the court.").  As explained above, plaintiff's complaint will be

10  dismissed with leave granted to file an amended complaint. Thus, plaintiff has not demonstrated

11  that he is likely to prevail on the merits of his claims.  Moreover, the court has not authorized

12  service of the complaint upon anyone.   Accordingly, plaintiff's motion for a preliminary

13  injunction will be denied as premature.

14       In accordance with the above, IT IS HEREBY ORDERED that:

15       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

16       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

17  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

18  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

19  Director of the California Department of Corrections and Rehabilitation filed concurrently

20  herewith.

21       3.  Plaintiff's complaint is dismissed.

22       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

23  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

24  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

25  number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

26  original and two copies of the amended complaint.  Failure to file an amended complaint in

27  accordance with this order may result in a recommendation that this action be dismissed.

28  ////

1     5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2  form used in this district.

3     6.  Plaintiff's motion for admission and issuance (ECF No. 8) is denied.

4     7.  Plaintiff's motion for relief from remote shock therapy (ECF No. 10) is denied.

5  Dated:  March 1, 2017

6

7

          DEBORAH BARNES

8            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16  DLB:9
DLB1/prisoner-civil rights/scot0578.14new
17

18

19

20

21

22

23

24

25

26

27

28