UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED'JUAN SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR,<br><br>    Defendant. | No. 2:15-cv-0578 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff appears to be a mentally ill inmate who claims he was ordered to be treated with electro-shock therapy in 2011 and continues to be subjected to electro-shock therapy "remotely."  Plaintiff is currently incarcerated at California State Prison – Sacramento ("CSP-Sac").  Plaintiff consented to the jurisdiction of a magistrate judge in this case.  (See ECF No. 7.)  Before the court are plaintiff's motions for an extension of time to file an amended complaint and for the appointment of counsel asserting that he is unable to understand any of the "further proceedings".  (ECF No. 15.)

**BACKGROUND**

On screening, the court found plaintiff failed to state a potentially cognizable claim for relief.  (Mar. 1, 2017 Order (ECF No. 11).)  The court permitted plaintiff the opportunity to file an amended complaint and, on April 11, granted plaintiff an extension of time to file one.

1

| | |
|---|---|
| 1 | In a document filed April 24, plaintiff seeks the appointment of counsel and another |
| 2 | extension of time, apparently to file an amended complaint. (ECF No. 15.) Therein, plaintiff |
| 3 | states that the sole purpose of his complaint is the fact that he has been on "remote shock therapy" |
| 4 | since 2011 against his will. In light of plaintiff's allegations that he is being subjected to electro- |
| 5 | shock therapy, and in order to determine whether this case should proceed, on May 23 the court |
| 6 | directed the Attorney General's Office to address plaintiff's allegations concerning his mental |
| 7 | health care. |
| 8 | On June 6, the Attorney General's Office filed a response to the court's May 23 order. |
| 9 | (ECF No. 18.) Therein, the state explains: (1) the Contra Costa County Superior Court has no |
| 10 | record of ordering plaintiff to undergo electro-shock therapy; (2) plaintiff has not undergone |
| 11 | electro-shock therapy during his incarceration at CSP-Sac; (3) plaintiff is not currently |
| 12 | undergoing electro-shock therapy; and (4) electro-shock therapy is not administered at CSP-Sac. |

**FILING AN AMENDED COMPLAINT**

According to plaintiff, the sole purpose of this action is to challenge involuntary and "remote" electro-shock therapy. The court recognizes that it is required to accept the allegations of the complaint as true for purposes of screening actions brought in forma pauperis. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, the court is not required to accept as true those factual contentions that are "clearly baseless" or describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A finding that an assertion is "factually frivolous" is appropriate where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32 (1992). The court requested a response from the state about plaintiff's allegations to determine whether there was any possibility plaintiff was receiving some sort of electro-shock therapy. The court considered that plaintiff's description of the therapy as "remote" might be incorrect. The state's response shows that such therapy is unavailable at CSP-Sac and plaintiff has not been subjected to it during his incarceration there. The court finds plaintiff's allegations that he has been, or currently is, being subjected to "remote shock therapy" to be incredible. Accordingly, plaintiff may not include those allegations in an amended complaint.

It is not clear from plaintiff's April 24 motion whether plaintiff still wishes to challenge involuntary shock therapy he claims was administered previously. While the state presents evidence showing that plaintiff was never ordered to undergo such therapy, this court may not, at the screening stage, make a factual determination of an allegation that is not, on its face, fantastic or irrational. See Denton, 504 U.S. at 33 ("improbable allegations" should not be dismissed on screening).

The court will provide plaintiff an opportunity to file an amended complaint to attempt to state any claims he may have regarding the past administration of electro-shock therapy. Plaintiff is advised to heed the legal standards set out in the court's March 1 screening order to state a claim. Any claim must be supported by a short, plain statement of the facts supporting it. Fed. R. Civ. P. 8(a). Plaintiff is also advised that he must identify the correct defendant for any claims involving the past administration of electro-shock therapy. The correct defendant or defendants are those who plaintiff can show are responsible for the administration of any involuntary electro-shock therapy and intended to cause plaintiff harm. Finally, plaintiff is warned that by signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## MOTION FOR THE APPOINTMENT OF COUNSEL

In his April 24 filing, plaintiff also seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v.

////

Look, 718 F.2d 952, 954 (9th Cir. 1983). At this point, the court does not find exceptional circumstances warrant the appointment of counsel for plaintiff.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for an extension of time (ECF No. 15) is granted. Within thirty days of the date of this order, plaintiff may file an amended complaint. Plaintiff is again advised that such a complaint must comply with the requirements set forth in the March 1 screening order and with those set forth above. If plaintiff fails to file a timely amended complaint, this action will be dismissed without prejudice.
2. Plaintiff's April 24, 2017 motion for the appointment of counsel (ECF No. 15 ) is denied.

Dated: June 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/scot0578.scrn 2

4